UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

BERNARD ANDERSON BEY,

                Plaintiff,

- against -

THE STATE OF NEW YORK; STATE
DEFENDANTS: PETER SANSO; VINCENT J.
ANDREASSI; ADRIENNE R. LOTSON; FRANK
SIRACUSA,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM
& ORDER
10-CV-01446 (NGG)(RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Pro se Plaintiff Bernard Anderson Bey filed this action on March 30, 2010, seeking the return of his car and money damages based on New York City's seizure of his car for failure to pay parking-violation fines. (See Compl. (Docket Entry # 1).) Plaintiff names as Defendants the State of New York, three New York City administrative law judges, and one New York City marshal. (See id., Attachments.) The court grants Plaintiff's request to proceed in forma pauperis solely for the purpose of this order, but dismisses the action for the reasons stated below.

**I.    STANDARD OF REVIEW**

      In reviewing Plaintiff's Complaint, the court is mindful that, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). But under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action that "(i) is frivolous or

1

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court must dismiss an action if it determines that it lacks subject matter jurisdiction.

## II. BACKGROUND

Plaintiff brings this action under 28 U.S.C. § 1331 and the "Treaty of Peace and Friendship," entered into between the Sultan of Morocco and the United States in 18th century. (Compl. ¶¶ 5-6.) Between October 2008 and March 2009, the City of New York charged Plaintiff with various parking violations. (Compl. 3.) Defendants Sanso, Andreassi, and Lotson are administrative law judges ("ALJ") for the City of New York who found Plaintiff guilty of the underlying violations. (Compl. Attachments.) In his administrative proceedings, Plaintiff unsuccessfully challenged the administrative courts' subject matter jurisdiction. Plaintiff now alleges that the ALJ Defendants, in their capacities as judges, committed common law fraud by "deliberately providing misprepresented facts namely that a claim of subject matter jurisdiction is unpersuasive as a defense to said proclaimed violations." (Compl. 4.) According to Plaintiff, the Treaty of Peace and Friendship is the supreme law of the land under Article VI of the United States Constitution and guarantees that "if any vessel of either ship should pull into the port of the other, and have occasion for provisions or other supplies, they shall be furnished without any interruption or molestation." (Compl. 3.) Based on this authority, Plaintiff appears to claim that the ALJ Defendants who convicted him of the challenged parking violations fraudulently stated that they had subject matter jurisdiction over his parking violations. (Compl. 4.) Plaintiff asserts that the ALJ Defendants' fraudulent decisions "caused the unlawful seizure of [his] vessel." (Id.)

2

Plaintiff also appears to argue that being found guilty of parking violated his due process rights under the United States Constitution. (Compl. 4.) Plaintiff seeks compensatory damages, $25,000 in punitive damages, and an order from this court "directing Marshal Frank Siracusa to release the private vessel into the plaintiff's possession along with all private possession initially aboard the vessel when it was seized." (Compl. 5.)

Plaintiff alleges that the State of New York is vicariously liable for the unlawful acts of the ALJ Defendants. (Id.) Plaintiff does not appear to assert any claims against Defendant Siracusa. His name only appears in Plaintiff's request for relief and on two "Authorization[s] to Recover Personal Belongings" appended to Plaintiff's Complaint. (Compl. 5 & Attachments.)

## III. DISCUSSION

This court is without jurisdiction to consider Plaintiff's Complaint. Under the Rooker-Feldman doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). This doctrine prevents "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It applies to both criminal and civil state-court judgments. See, e.g., Gentner v. Shulman, 55 F.3d 87, 88-89 (2d Cir. 1995). "Because Rooker-Feldman goes to subject matter jurisdiction," Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 83 (2d Cir. 2005), federal courts may raise it sua sponte, Fed. R. Civ. P. 12(h)(3).

The Rooker-Feldman doctrine applies when four requirements are met: (1) the

3

federal-court plaintiff lost in state court; (2) the plaintiff is complaining of injuries caused by a state-court judgment; (3) the plaintiff invites district court review and rejection of the state-court judgment; and, (4) the state-court judgment was rendered before the district court proceedings commenced. See Hoblock, 422 F.3d at 85.

Plaintiff's Complaint squarely satisfies these four requirements.[1] First, Plaintiff lost in state court. And the judgments against him are final. Each "Decision and Order" appended to Plaintiff's Complaint was rendered more than four months and thirty days before Plaintiff filed this lawsuit. Plaintiff's time to seek review through a CPLR Article 78 proceeding has expired. See N.Y. C.P.L.R. 217 (four month statute of limitations for Article 78 proceedings from when an administrative decision becomes final); N.Y.C. Admin. Code § 19–208 (30 days to seek parking bureau appeal). There is no indication in the record that Plaintiff attempted to appeal his parking convictions. Second, the injuries that Plaintiff complains of–seizure of his "vessel" and the assessment of monetary penalties–were caused by the ALJs' judgments. Third, granting Plaintiff's requested relief and finding that his parking convictions are somehow illegal under federal law would necessarily require this court to review and reject the ALJs' judgments. Fourth, each of the judgments referenced in his Complaint were rendered before he filed this lawsuit.

Even if this court had jurisdiction, Plaintiff's claims for damages against the State of New York would be barred by sovereign immunity. See Gollomp v. Spitzer, 568 F.3d 355, 365-

---

[1] See, e.g., Willis v. Fiddament, 230 Fed. Appx. 712, 2007 WL 1231615, at *1 (9th Cir. 2007) (non-precedential opinion) ("To the extent [plaintiff] seeks federal court review of the judgment in his state-court parking case, the district court properly dismissed the action for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.").

4

66 (2d Cir. 2009) ("the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity"). And absolute judicial immunity would bar any claims for damages against the ALJ Defendants. Oliva v. Heller, 839 F.2d 37, 39 (2d Cir. 1988) (administrative law judges are entitled to absolute immunity).

## IV. CONCLUSION

The court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 21, 2010

s/Nicholas G. Garaufis
Nicholas G. Garaufis
United States District Judge